UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAVON YOUNG, : | |
| Plaintiff, : | CIVIL ACTION NO. |
| : | 3:17cv1226(MPS) |
| v. : | |
| : | |
| WARDEN FELICANO, ET AL., : | |
| Defendants. : | |

# **INITIAL REVIEW ORDER**

The plaintiff, Javon Young, currently resides at Watkinson House in Hartford, Connecticut. He has filed a civil rights complaint against Warden Felicano, Jr., Correctional Officer Pataky, Lieutenants Dawson, Luise, Cox and Russell, Counselor Davis and Mental Health Unit Worker Lowhart.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must still include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

On September 27, 2016, at New Haven Correctional Center, Correctional Officer Pataky called the plaintiff "Special Corrections Officer Young" in a very loud voice so that other inmates could hear him. *See* Compl., ECF No. 1, ¶ 1. The plaintiff claims that other inmates began to call him a snitch after that incident and he felt his safety was in danger. *See id.* at ¶ 2.

On or about September 30, 2016, the plaintiff informed Counselor Davis that he felt he was in danger. *See id.* at ¶ 3. On or about October 3, 2016, someone stole the plaintiff's commissary items from his cell. *See id.* at ¶ 4.

On October 20, 2017, the plaintiff met with Mental Health Unit Worker Lowhart and informed her that his commissary items had been stolen and that he felt he was in danger. *See id.* at ¶ 5. Approximately two weeks later, the plaintiff informed Counselor Davis, Mental Health Unit Worker Lowhart and Lieutenants Dawson, Luise, Cox and Russell that he feared he might be assaulted by other inmates because he had been labeled as a snitch. He asked to be moved from his housing unit. *See id.* at ¶ 7.

2

On November 4, 2016, Inmate Fennelly attacked the plaintiff while he was asleep in his cell. *See id.* at ¶ 8. The plaintiff suffered a bloody nose, two broken teeth and a black eye. *See id.* at ¶ 9. He continues to experience headaches, sensitivity to light, blurry vision, damage to his jaw and anxiety. *See id.* at ¶¶ 9-10. Inmate Fennelly informed prison officials that he had assaulted the plaintiff because he thought the plaintiff was "a rat." *See id.* at ¶ 11.

## I. Official Capacity Claims

For relief, the plaintiff seeks monetary damages. To the extent that he seeks monetary damages from the defendants in their official capacities, those claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). All claims for monetary damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

## II. Individual Capacity Claims – Warden Felicano, Jr.

The plaintiff lists the warden in the caption and description of the parties, but does not otherwise refer to the warden in the body of the complaint except to state that the assault could have been prevented if the warden had made and enforced policies to keep him safe. *See* Compl. at ¶12. It is evident that the plaintiff has included the warden as a defendant due to his supervisory capacity. To recover money damages under section 1983, a plaintiff must show that each defendant was personally involved in the constitutional violation or violations. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Supervisory officials cannot be held liable under section 1983 solely for the acts of their subordinates. *See Ayers v. Coughlin*, 780 F.2d 205, 210

(2d Cir. 1985).

A plaintiff may show personnel involvement by demonstrating one or more of the following criteria: (1) the defendant actually and directly participated in the alleged unconstitutional acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in supervising the correctional officers who committed the constitutional violation; and (5) the defendant failed to take action in response to information regarding the occurrence of unconstitutional conduct. *See Colon*, 58 F.3d at 873 (citation omitted). In addition, plaintiff must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury. *See Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002).

In *Iqbal*, the Supreme Court found that a supervisor can be held liable only "through the official's own individual actions." *Id.* at 676. This decision arguably casts doubt on the continued viability of some of the categories for supervisory liability. The Second Circuit, however, has not revisited the criteria for supervisory liability following *Iqbal*. *See Rispardo v. Carlone*, 770 F.2d 97, 117 (2d Cir. 2014) ("[w]e have not yet determined the contours of the supervisory liability test . . . after *Iqbal*"); *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that decision in *Iqbal* "may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," but finding it unnecessary to reach the impact of *Iqbal* on the personal involvement requirements set forth in *Colon*, 58 F.3d at 873). Because it is unclear as to whether *Iqbal* overrules or limits *Colon* the

4

court will continue to apply the categories for supervisory liability set forth in *Colon*.

The plaintiff does not include any allegations to suggest that he made Warden Felicano aware that he might be harmed or that he failed take action after becoming aware of any potential harm to the plaintiff. It is apparent that the plaintiff is attempting to demonstrate Warden Felicano's involvement under the third category of *Colon*. The plaintiff, however, alleges no facts regarding what policy or custom Warden Felicano allegedly failed to create or enforce or how the lack of a policy or enforcement of a policy led to any unconstitutional acts. The conclusory allegation that the warden did not implement or enforce an unidentified policy to keep the plaintiff safe from assault is insufficient to state a claim against Warden Felicano, Jr. *See Iqbal*, 556 U.S. at 678 (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a plausible claim for relief); *Gray v. Erfe*, No. 13 Civ. 39 (JBA), 2012 WL 7785080, at *2 (D. Conn. Mar. 21, 2012) (plaintiff's conclusory statements insufficient to state plausible claims against supervisory defendants); *Miner v. Goord*, 646 F. Supp. 2d 319, 326 (N.D.N.Y. 2009) (dismissing the plaintiff's "claims that [the superintendent] created a policy which permitted unconstitutional practices to occur" because "[t]hese conclusory allegations are insufficient to show the personal involvement of [the superintendent]"). Because the plaintiff has not alleged the personal involvement of the Warden Felicano in the violation of his constitutionally or federally protected rights, the claims against the warden are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

## III. Individual Capacity Claims – Remaining Defendants

The Eighth Amendment imposes certain duties on prison officials, to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to

guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (internal quotation marks and citations omitted). To state a failure to protect or deliberate indifference to safety claim under the Eighth Amendment, an inmate must demonstrate both that "he [was] incarcerated under conditions [that] pos[ed] a substantial risk of serious harm" and that the defendant prison officials possessed culpable intent, that is, the officials knew that he faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *Id.* at 834, 837.

The plaintiff has alleged that defendant Pataky put his safety in danger by telling other inmates that he was a snitch. In September and October 2016, the plaintiff repeatedly informed defendants Dawson, Luise, Cox, Russell, Davis and Lowhart that his health and safety might be in danger due to the fact that he had been labeled a snitch, but they took no action to protect him from future harm. Another inmate assaulted the plaintiff on November 4, 2016 because he thought the plaintiff was a snitch.

The court concludes that the plaintiff has alleged sufficient facts to state plausible Eighth Amendment claims for deliberate indifference to safety and failure to protect claims against defendants Pataky, Dawson, Luise, Cox, Russell, Davis and Lowhart. Those claims will proceed against the defendants in their individual capacities.

**ORDERS**

**In accordance with the foregoing analysis, the court enters the following orders:**

**(1)** The claims against all defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) and the individual capacity claims against Warden Felicano, Jr. are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

The Eighth Amendment deliberate indifference to safety and failure to protect claims will proceed against Correctional Officer Pataky, Lieutenants Dawson, Luise, Cox and Russell, Counselor Davis and Mental Health Unit Worker Lowhart in their individual capacities.

**(2)** Within twenty-one (21) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for Correctional Officer Pataky, Lieutenant Dawson, Lieutenant Luise, Lieutenant Cox, Lieutenant Russell, Counselor Davis and Mental Health Unit Worker Lowhart and mail a copy of the complaint, this order and a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of each request. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

**(3)** Defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

**(4)** Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order. Discovery requests need not be filed with the court.

**(5)** All motions for summary judgment shall be filed within seven months (210 days)

from the date of this order.

**(6)** The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

SO ORDERED at Hartford, Connecticut this ___22nd___ day of _____February__, 2018.

_____/s/_____
Michael P. Shea
United States District Judge